IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| MARZIEH GHOLIZADEH-SADEGHMOGHADDAM<br>    *Plaintiff,*<br><br>v.<br><br>BRIAN MATTHEW LAIRD and HALLIBURTON ENERGY SERVICES, INC.,<br>    *Defendants.* | No. |

## PLAINTIFF'S COMPLAINT FOR PERSONAL INJURY

MARZIEH GHOLIZADEH-SADEGHMOGHADDAM Plaintiff, brings this action for damages against BRIAN MATTHEW LAIRD and HALLIBURTON ENERGY SERVICES, INC., Defendants, and respectfully shows as follows:

### I.    PARTIES

1. Plaintiff Marzieh Gholizadeh-Sadeghmoghaddam is an individual who resides in Hobbs, Lea County, New Mexico.

2. Upon information and belief, at all times material hereto, Defendant Brian Matthew Laird (hereinafter referred to as "Defendant Laird") is an individual who resides in Cleburne, Johnson County, Texas, and an employee of Defendant Halliburton. Defendant Laird may be served with summons at his last known residence located at 924 S Nolan River Rd., Cleburne, TX 76033.

3. Defendant HALLIBURTON ENERGY SERVICES, INC. (hereinafter referred to as "Defendant Halliburton") is a foreign limited liability corporation registered to do business in the state of New Mexico.  Defendant Halliburton may be served with summons by serving its registered agent, Gary Don Reagan located at 1819 N. Turner STE G, Hobbs, NM 88240.

## II.	JURISDICTION AND VENUE

4.	As stated above, there is complete diversity of citizenship between Plaintiff and Defendants. The subject matter of the claim of Plaintiff in this action exceeds the sum or value of $75,000, exclusive of interest and costs. Accordingly, this court has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332.

5.	Venue is proper in the United States District Court, District of New Mexico pursuant to 28 U.S.C. § 1391(b)(2) because this is the District in which a substantial part of the events or omissions giving rise to the claim occurred.

## III.	FACTUAL ALLEGATIONS

6.	On or about June 19, 2014, Defendant Laird was headed north bound on Lovington Highway in the right or outside north bound lane of traffic approaching Lakeview Street behind the Plaintiff. The intersection is controlled by a one way posted stop sign for west bound traffic on Lakeview Street.  Plaintiff slowed to make a right east bound turn onto Lakeview and the collision occurred. Plaintiff was making a right turn, and Defendant laird failed to stop. Defendant Laird struck Plaintiff in the right rear bumper with the right front bumper forcing Plaintiff off of the highway onto Lakeview St. where Plaintiff's car slid and rolled causing Plaintiff to sustain severe bodily injuries.

## COUNT I—NEGLIGENCE PER SE

7.	Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 6 of this Complaint as if fully set forth here.

8.	At all times pertinent hereto there were in force and effect, state and federal statues that were enacted for the safety of the public at large, including Plaintiff.

9. The Federal Motor Carrier Safety Act adopted regulations, hereinafter referred to as "FMCSR," that apply to all trucks engaged in interstate commerce including Defendant Halliburton's tractor-trailer.

10. In addition the New Mexico State Motor Carrier Safety Act and Traffic Laws apply to such trucks operating within the State of New Mexico.

11. There were in force and effect FMCSR regulations that may have been violated by Defendant Halliburton including but not limited to the following:

    A. FMCSR 383.35 and 391.23 regarding background investigation of drivers;

    B. FMCSR 391.11 regarding driver qualifications;

    C. FMCSR 391.13 regarding driver training;

    D. FMCSR 391.25 regarding annual review of driver safety;

    E. FMCSR 391.27 regarding annual reports of driving violations;

    F. FMCSR 391.31 regarding driver road testing;

    G. FMCSR 391.51 regarding qualification and records files;

    H. FMCSR 395.3 regarding hours of operation; and,

    I. FMCSR 395.8 regarding driver duty status logs.

12. At the time of the aforesaid collision there were in force and effect FMCSR regulations that may have been violated by Defendant Laird including but not limited to the following:

    A. FMCSR 392.3 regarding an ill or fatigued operator;

    B. FMCSR 392.6 regarding schedules to conform to speed limits;

    C. FMCSR 395.3 regarding maximum driving time;

    D. FMCSR 383.110 regarding general knowledge;

      E.    FMCSR 383.111 regarding required knowledge; and

      F.    FMCSR 383.113 regarding required skills.

13.    At the time of the aforesaid improper driving there were in force and effect New Mexico State Statutes that were violated by Defendant Laird including but not limited to the following:

    a.    66-7-301(b)(1) NMSA (1978)— requiring that in every event speed should be so controlled by the driver as may be necessary to avoid colliding with any person;

    b.    66-7-301(b)(2) NMSA (1978)—in every event speed shall be so controlled by the driver as may be necessary to comply with legal requirements as may be established by the State Highway and Transportation Department or the New Mexico State Police Division of the Department of Public Safety and the duty of all persons to use due care;

    c.    66-8-113 NMSA (1978)—reckless driving;

    d.    66-8-114 NMSA (1978)—careless driving;

    e.    75-3-11 NMSA (1978)—hours of service of drivers which includes but shall not be limited to maximum driving and on duty time, travel time, maintenance of a driver's log or record of duty status.

14.    As a direct and proximate result of violations of the above statutes and regulations, Plaintiff has and will continue to suffer injuries and damages in an amount to be proved at trial.

15.    Defendant Halliburton's actions were malicious, willful, wanton, reckless and/or grossly negligent. Plaintiff is entitled to an award of punitive damages.

## COUNT II—NEGLIGENCE

16.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 15 of this Complaint as if fully set forth here.

17. At all times pertinent hereto, Defendant Laird failed to be reasonable in his operation of Defendant Halliburton's tractor-trailer rig.

18. Defendant Laird was negligent and breached his duty to Plaintiff and the public at the above time and place in at least the following respects:

    a. operating the vehicle in a careless and reckless manner;

    b. failing to have his vehicle under proper control;

    c. failing to safely apply brakes to avoid a collision;

    d. failing to maintain a safe speed;

    e. failing to keep a proper outlook;  and

    f. failing to use due care.

19. As a direct and proximate result of Defendant Laird's negligence, as set forth above, Plaintiff suffered injuries and damages in an amount to be proved at trial.

20. Defendant Laird's actions were malicious, willful, wanton, reckless and/or grossly negligent.  Plaintiff is entitled to an award of punitive damages.

## COUNT III—NEGLIGENT HIRING, RETENTION, SUPERVISION & TRAINING

21. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 20 of this Complaint as if fully set forth here.

22. Upon information and belief, the tractor-trailer driven by Defendant Laird was owned by Defendant Halliburton and was negligently entrusted to Defendant Laird.

23. Defendant Laird was an employee of Defendant Halliburton and was acting within the course and scope of his employment.

24. Defendant Halliburton is responsible for the hiring, supervision and training of its employees to assure the proper execution of the duties of an over-the-road truck driver.

25.     Defendant Halliburton had a duty of care to hire, supervise and train its employees to drive tractor-trailers in a reasonable and safe manner.

26.     Defendant Halliburton breached its duty to exercise reasonable care and acted negligently and careless in hiring, supervising and training Defendant Laird for the duties which Defendant Halliburton could foresee and expect Defendant to perform in the course of his employment.

27.     As a direct and proximate result of Defendants' negligence, as set forth above, the Plaintiff has suffered injuries and damages in an amount to be proved at trial.

28.     Defendants' actions were malicious, willful, wanton, reckless and/or grossly negligent. Plaintiff is entitled to an award of punitive damages.

## IV.     DAMAGES

29.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 28 of this Complaint as if fully set forth here.

30.     As a direct and proximate result of Defendants' negligence, Plaintiff has suffered damages and personal injuries and, as provided by New Mexico law, Plaintiff is entitled to recover for those damages. Plaintiff has suffered damages as follows:

   a. Physical pain sustained in the past;

   b. Physical pain that, in reasonable probability, Plaintiff will sustain in the future;

   c. Mental anguish sustained in the past;

   d. Mental anguish that, in reasonable probability, Plaintiff will sustain in the future;

   e. Physical impairment sustained in the past;

   f. Physical impairment that, in reasonable probability, Plaintiff will sustain in the future;

   g. Loss of wage earning capacity in the past;

    h. Loss of wage earning capacity that, in reasonable probability, Plaintiff will sustain in the future;

    i. Disfigurement sustained in the past;

    j. Disfigurement that, in reasonable probability, Plaintiff will sustain in the future;

    k. Medical care expenses sustained in the past; and

    l. Medical care expenses that, in reasonable probability, Plaintiff will require in the future.

## V. JURY DEMAND

31. Plaintiff demands trial by jury.

## VI. PRAYER FOR RELIEF

32. WHEREFORE, Plaintiff prays that Defendants be summoned and appear herein, and that, on final trial, Plaintiff recover from Defendants the following:

    a. past and future damages as set forth above;
    b. exemplary damages;
    c. pre-judgment and post-judgment interest at the highest rate allowed by law; and
    d. for such other relief, at law or at equity to which Plaintiff may show herself entitled.

Respectfully Submitted,

GLASHEEN, VALLES & INDERMAN, LLP
P.O. Box 1976 (79408-1976)
1302 Texas Avenue
Lubbock, Texas 79401
(806) 741-0284 - Telephone
(806) 329-0595 - Facsimile
cinderman@glasheenlaw.com
jmedina@glasheenlaw.com

_____
Chad Inderman
State Bar No. 126354
Jason Medina
State Bar No. 126378
**ATTORNEYS FOR PLAINTIFF**